UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7804 DMG (GJSx)** | Date | November 3, 2015 |
| Title | *Stephen Morris v. Mass. Electric Construction Co., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 19, 2015, Plaintiff Stephen Morris ("Morris") filed a complaint in the Los Angeles County Superior Court alleging various employment-related state law claims against Defendants Mass. Electronic Construction Co. ("MECC") and Michael Rafferty ("Rafferty"). [Doc. # 1-1.] On October 5, 2015, MECC removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Doc. # 1.]

On October 23, 2015, the Court ordered the parties to show cause why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. MECC filed its response to this Court's Order on November 2, 2015. ("OSC Resp.") [Doc. # 13.]

For the reasons discussed below, the Court **REMANDS** this action to Los Angeles County Superior Court.

**I.
DISCUSSION**

Under Section 1332(a), district courts have original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire*

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7804 DMG (GJSx)** | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Stephen Morris v. Mass. Electric Construction Co., et al.* | Page | 2 of 4 |

*Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

Here, MECC acknowledges that complete diversity is lacking on the face of the Complaint because Morris and Rafferty are citizens of California. Not. of Removal ¶¶ 8, 15. Nonetheless, MECC contends that the complete diversity requirement is met because Rafferty is fraudulently joined. According to MECC, Morris' intentional infliction of emotional distress ("IIED") claim against Rafferty—his sole claim against this Defendant—is not valid because the California Workers' Compensation Act bars Morris from making an independent IIED claim against Rafferty, an MECC supervisor. Not. of Removal ¶¶ 20-24; Compl. ¶ 3.

**A.    Fraudulent Joinder**

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (To determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the existence of federal jurisdiction . . . solely by an examination of plaintiff's case.") (citations and internal quotation marks omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* "The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted).

    **1.    Workers' Compensation Act**

Ordinarily, "under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act." *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2002) (citing *Cole v. Fair Oaks Fire Protection Dist.*, 43

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7804 DMG (GJSx)** | Date | November 3, 2015 |
| Title | *Stephen Morris v. Mass. Electric Construction Co., et al.* | Page | 3 of 4 |

Cal.3d 148, 160 (1987)). "However, where the plaintiff has contended that the employer's conduct is outside the normal risks of the employment relation, claims for emotional distress are not preempted by [workers' compensation]." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). "There is no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain. Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." *Id.* at 1055 (quoting *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003)).

Here, Morris' IIED claim is based on rather detailed allegations that Rafferty and MECC unlawfully discriminated and retaliated against him on the basis of his age and disability (or perceived disability). Compl. ¶¶ 15-19, 23-25, 69-76. Such discrimination is not a normal part of the employment relationship. *See, e.g.*, *Hattox v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 314953, at *6 (S.D. Cal. Jan. 25, 2013) (finding plaintiff's IIED claim based on allegations of disability discrimination not barred by the Workers' Compensation Act)**.**

Still, MECC argues that while Morris asserts various discrimination and retaliation claims against MECC, he does not make those same claims against Rafferty. OSC Resp. at 5. MECC mischaracterizes the Complaint—Morris alleges that "plaintiff was discriminated and retaliated against and harassed by *defendants*." Compl. ¶ 70 (emphasis added); *see also id.* ¶ 76 ("[D]efendants knew or should have known that their misconduct alleged herein was directed towards a senior citizen and/or a disabled person and defendants' misconduct caused plaintiff to lose his job.").

Thus, there is no workers' compensation preemption in this case and therefore no fraudulent joinder.

### 2. Managerial Privilege

MECC also argues that fraudulent joinder exists because Rafferty's alleged retaliatory actions against Morris were "motivated, in part, by a desire to benefit the principal" or employer MECC, which makes Rafferty's actions privileged under the doctrine of managerial immunity. Not. of Removal ¶ 17. For support, MECC cites to *McCabe v. General Foods Corporation*, , which affirmed a district court finding of fraudulent joinder in a wrongful discharge action where non-diverse defendants had acted in their managerial capacity. 811 F.2d 1336, 1339 (9th Cir. 1987).

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | CV 15-7804 DMG (GJSx) | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Stephen Morris v. Mass. Electric Construction Co., et al.* | Page | 4 of 4 |

*McCabe* is inapposite. While *McCabe* did find plaintiff's claim against his supervisors deficient because their conduct was privileged, that case discussed managerial privilege in the context of a motion for summary judgment on a wrongful discharge claim where the plaintiff adduced no evidence of discriminatory intent. *Id*. The concept of managerial privilege arises primarily where an agent acts for the benefit of the principal rather than his own self-interest, such as where he induces a breach of contract or interferes with a contract. *See, e.g.*, *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321 (9th Cir. 1982) (citing *Olivet v. Frischling*, 104 Cal. App. 3d 831 (1980)). The concept has no place in a case where an employee alleges that a manager acted with discriminatory intent and plausibly supports the allegations with adequate factual detail. In any event, managerial privilege did not serve as the basis for the court's dismissal of plaintiff's IIED claim. Instead, the IIED claim was dismissed because plaintiff had not established the tort's necessary "outrageousness" element. *Id.* at 1340.

In short, MECC has not met its burden of demonstrating that Morris "fail[ed] to state a cause of action against [Rafferty], and *the failure is obvious* according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (emphasis added).

## III.
## CONCLUSION

In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court. The scheduling conference on December 4, 2015 is VACATED.

**IT IS SO ORDERED.**